IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYCO INTERNATIONAL LTD. and<br>TYCO INTERNATIONAL (US) INC.,<br><br>                      Plaintiffs,<br><br>     v.<br><br>MARK H. SWARTZ,<br><br>                      Defendant. | Civil Action No. 03-cv-2247 (TPG) |

**TYCO'S MOTION *IN LIMINE* FOR AN ADVISORY JURY UNDER RULE 39(C)(1)**

Marshall Beil
MCGUIREWOODS LLP
1345 Avenue of the Americas
New York, NY  10105-0106
Telephone:     (212) 548-2100
Facsimile:     (212) 548-2150
mbeil@mcguirewoods.com

Charles Wm. McIntyre*
MCGUIREWOODS LLP
2001 K Street N.W., Suite 400
Washington, D.C.  20006-1040
Telephone:     (202) 857-1700
Facsimile:     (202) 857-1737
cmcintyre@mcguirewoods.com

Brian E. Pumphrey*
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA  23219
Telephone:     (804) 775-7745
Facsimile:     (804) 775-1061
bpumphrey@mcguirewoods.com

*Admitted *pro hac vice*

Fred H. Bartlit, Jr.*
BARTLIT BECK HERMAN PALENCHAR &
SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, CO  80202
Telephone:     (303) 592-3100
Facsimile:     (303) 592-3140
fred.bartlit@bartlit-beck.com

Mark L. Levine*
BARTLIT BECK HERMAN PALENCHAR &
SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL  60654
Telephone:     (312) 494-4400
Facsimile:     (312) 494-4440
mark.levine@bartlit-beck.com

*Counsel for Plaintiffs Tyco International Ltd.
and Tyco International (US) Inc.*

**PRELIMINARY STATEMENT**

Since the inception of this lawsuit, Tyco has demanded a jury trial under Rule 38 of the Federal Rules of Civil Procedure "of all issues properly triable hereby." (Cmplt. at 34)  Swartz recently informed Tyco that he objects to the jury demand.

The issues set for trial are narrow: (1) Tyco's damages on its conversion claim, namely interest on the money Swartz stole from Tyco (and later repaid without interest pursuant to the court order) as well as punitive damages; and (2) Tyco's entitlement to disgorgement of Swartz's compensation during his tenure as CFO of Tyco based on Tyco's breach of fiduciary duty claims, as well as punitive damages related to those claims.  As to the first issue (conversion), Tyco has a Seventh Amendment right to a jury trial on the damages arising from Swartz's conversion of Tyco property.  As to the second issue (disgorgement), Tyco acknowledges that disgorgement under the faithless servant doctrine is an equitable remedy to which there is no Seventh Amendment right to a jury trial.

Rather than conduct a split trial in which only certain issues are tried to the jury, Tyco respectfully asks that the Court exercise its discretion under Rule 39(c)(1) to request an advisory verdict on the equitable disgorgement issue from the same jury that will decide the conversion damages issue.  Because a jury will already be empaneled to hear the testimony and view evidence on the conversion claim, it makes sense to have the same jury issue an advisory verdict on the disgorgement claim.  The use of an advisory jury on disgorgement will maximize efficiency and convenience of the trial and assist the Court.

**BACKGROUND**

This action stems from Swartz's theft of millions of dollars from Tyco and other criminal acts during his tenure as Tyco's CFO.  Following a jury trial in 2005, Swartz was convicted of twelve counts of grand larceny, one count of conspiracy to commit larceny, eight counts of

falsifying business records, and one count of fraud in connection with the marketing of securities.

In 2011, this Court granted Tyco partial summary judgment on liability. The Court ruled that Swartz's criminal convictions established his liability to Tyco for breach of fiduciary duty, inducing breach of fiduciary duty, conspiracy to breach fiduciary duty, and conversion. (Dkt. No. 35 at 8-9)  The Court held that triable questions of fact remained on whether Tyco is entitled to disgorgement of Swartz's compensation during his tenure as CFO of Tyco. (Dkt. No. 112)

The upcoming trial will decide Tyco's entitlement to interest and punitive damages on its conversion claim and to disgorgement of Swartz's compensation and punitive damages on the breach of fiduciary duty claims.

## ARGUMENT

**I.   Tyco Has A Seventh Amendment Right To A Jury Trial On Damages For Swartz's Conversion.**

Tyco's claim for conversion is a traditional legal claim seeking traditional legal relief. As a result, Tyco has a Seventh Amendment right to have a jury trial on damages on that claim.

Whether the Seventh Amendment preserves the right to trial by jury depends on the nature of the claim and of the relief sought. The right attaches if (1) the claim "would have been deemed legal … in 18th century England," and (2) the remedy sought is "legal … in nature." *Germain v. Conn. Nat'l Bank*, 988 F.2d 1323, 1328 (2d Cir. 1993) (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989)). Tyco's damages claims for conversion plainly meets that standard. Conversion is a quintessentially legal claim. *Ross v. Bernhard*, 396 U.S. 531, 533 (1970) (conversion is an "unmistakabl[e] actio[n] at law triable to a jury"). And the damages that Tyco seeks are the classic form of legal relief. *See Curtis v. Loether*, 415 U.S. 189, 195-96

2

(1974) ("[A]ctual and punitive damages is the traditional form of relief offered in the courts of law.").

Tyco's conversion claim seeks to recover the full measure of compensatory damages that Tyco may be awarded under New York law, which is interest on the money later repaid by Swartz pursuant to Court order, as well as punitive damages. (Cmplt. at 32) Under New York law "[t]he usual measure of damages for conversion is the value of the property at the time and place of conversion, plus interest." *Marketxt Holdings Corp. v. Engel & Reiman, P.C.*, 693 F. Supp. 2d 387, 395 (S.D.N.Y. 2010); *accord Fantis Foods, Inc. v. Standard Importing Co.*, 402 N.E.2d 122, 125 (N.Y. 1980) (same); *see also Lawyers' Fund for Client Protection of St. of N.Y. v. Bank Leumi Trust Co. of N.Y.*, 94 N.Y.2d 398, 406-07 (2000) ("[An] award of interest is often appropriate from the time at which a party was deprived of the use of money since without the addition of interest, the aggrieved party is not made whole."). In addition, New York law permits the recovery of punitive damages on a claim for conversion. *See Colavito v. New York Organ Donor Network, Inc.*, 438 F.3d 214, 232 (2d Cir. 2006). To date, Tyco has recovered only the converted funds that Swartz stole from it, not the interest component of its damages or the punitive damages it seeks.

Jury questions remain as to whether Tyco has received the full measure of damages—including punitive damages—to which it is entitled as a result of Swartz's conversion, and there is no question that Tyco has a Seventh Amendment right to a jury trial on its damages. The Courts of Appeals, including the Second Circuit, have repeatedly recognized that the Seventh Amendment right attaches to the issue of punitive damages arising from a legal claim. *See Gagne v. Town of Enfield*, 734 F.2d 902, 905 (2d Cir. 1984) (holding that "[u]nder the Seventh Amendment, the determination of the amount of [punitive] damages" on a tort claim is "a legal

3

claim and for the jury" (citing *Curtis*, 415 U.S. at 195-96)); *Doralee Estates, Inc. v. Cities Serv. Oil Co.*, 569 F.2d 716, 722 (2d Cir. 1977) ("Since punitive damages by their nature do not admit of precise determination, their evaluation is properly within the discretionary province of the jury. …"); *Defender Indus., Inc. v. Nw. Mut. Life Ins. Co.*, 938 F.2d 502, 506 (4th Cir. 1991) (en banc) ("An assessment by a jury of the amount of punitive damages is an inherent and fundamental element of the common-law right to trial by jury."); *Jones v. United Parcel Serv., Inc.*, 674 F.3d 1187, 1204 (10th Cir. 2012) ("[T]here exists a common law right to a jury determination regarding punitive damages.").

Moreover, the Supreme Court has repeatedly "emphasize[d] the fundamental character of a jury assessment of the amount of punitive damages." *Defender Indus.*, 938 F.2d at 506. Thus, where a claim sounds in tort, the Supreme Court has held that the Seventh Amendment requires a jury to decide the punitive damages question because "actual and punitive damages … [are] the traditional form[s] of relief offered in the courts of law." *Curtis*, 415 U.S. at 196. Similarly, the Supreme Court has noted that decisions regarding the amount of punitive damages on legal claims "ha[ve] been always left to the discretion of the jury." *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 16 (1991) (internal quotation marks omitted); *see also Barry v. Edmunds*, 116 U.S. 550, 565 (1886) ("For nothing is better settled than that, in … actions for torts where no precise rule of law fixes the recoverable damages, it is the peculiar function of the jury to determine the amount by their verdict."). And, it has explained that "[u]nder the traditional common-law approach, the amount of the punitive award is initially determined by a jury instructed to consider the gravity of the wrong and the need to deter similar wrongful conduct." *Pacific Mutual Life Ins.*, 499 U.S. at 15-16.

In sum, the Seventh Amendment requires that a jury decide Tyco's damages on its conversion claim.

## II. The Court Should Exercise Its Discretion To Request An Advisory Jury Verdict On The Issue Of Equitable Disgorgement.

Under Rule 39(c)(1) of the Federal Rules of Civil Procedure, "in an action not triable of right by a jury, the court … may try any issue with an advisory jury." The court's discretion to do so is wide and unreviewable. *See* 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2335 (3d. ed. 2008) (emphasizing that the court may submit "any issue" it chooses to an advisory jury and collecting cases where district courts have done so "to their advantage"); *see also Merex A.G. v. Fairchild Weston Sys., Inc.*, 29 F.3d 821, 826-27 (2d Cir. 1994). Here, because a jury will already be empaneled to decide Tyco's damages on the conversion count, an advisory verdict on the equitable issues will assist the Court and maximize the efficiency and convenience of trial.

While the Court has broad discretion to empanel an advisory jury for any reason, two circumstances—both of which are present here—often lead district courts to seek the assistance of an advisory jury. First, where a case includes both legal and equitable claims that share overlapping facts in common, courts often empanel an advisory jury on the equitable claim because doing so will "expedite matters for the jury and the [c]ourt, as well as make the jury's task easier." *Starr Int'l Co., Inc. v. Am. Int'l Group, Inc.*, 623 F. Supp. 2d 497, 502 (S.D.N.Y. 2009) (ordering trial by advisory jury on breach of fiduciary claims where facts overlapped with conversion claim). Here, there is no question that substantial factual overlap exists between the evidence and testimony that will be presented to the jury on the background facts and on the question of punitive damages on the conversion claim and that which will be presented to the court on the questions of disgorgement and punitive damages on the fiduciary duty claims. For

instance, facts related to the extent and duration of Swartz's misconduct and the concealment of his wrongdoing bear not only on defenses raised by Swartz on disgorgement, but also on the appropriate amount of a punitive damages award on both claims.  *See Parrish v. Sollecito*, 280 F. Supp. 2d 145, 159 (S.D.N.Y. 2003) (factors relevant to the appropriate amount of punitive damages include "the degree of reprehensibility of the defendant's conduct, the duration of that conduct, … any concealment, and the existence and frequency of similar past conduct").

Second, courts routinely empanel an advisory jury because they believe it will make their task easier—for instance, because the equitable claim seeks punitive damages and a jury can "better reflect the community's sense of outrage over the type of conduct alleged … than could the decision of a single judge," *Jones v. Tyson*, No. 91 CIV. 5366 (JSM), 1992 WL 116373, at *1 (S.D.N.Y. May 21, 1992); *cf. NAACP v. Acusport Corp.*, 226 F. Supp. 2d 391, 398 (E.D.N.Y. 2002) ("Because advisory juries permit community participation and may incorporate the public's views of morality and changing common law, their use is particularly appropriate in cases involving community-based standards.").  Here, because Tyco seeks punitive damages on both its equitable claims and its legal claim,  an advisory jury verdict will not only allow the Court to solicit the community's views on the reprehensibility of Swartz's conduct as it relates to his breach of fiduciary duty to Tyco, but also streamline trial since that the same question will already be before the jury in connection with the conversion claim.

Either of these circumstances would provide ample reason for the Court to request an advisory verdict on the issue of disgorgement from the same jury that will already be empaneled to decide the issue of Tyco's damages on its conversion claim.  Taken together, they counsel heavily in favor of the Court's exercising its discretion to do so under Rule 39(c)(1).

## CONCLUSION

For the foregoing reasons, Tyco respectfully requests that the Court order that all issues be tried to the same jury, as a matter of right on the issue of legal damages on the conversion claim and as an advisory jury under Rule 39(c)(1) on the issue of equitable disgorgement on the breach of fiduciary duty claims.

Dated:  September 28, 2012           Respectfully submitted,

                                     TYCO INTERNATIONAL LTD. and TYCO
                                     INTERNATIONAL (US) INC.


                                     /s/ Mark L. Levine
                                     Fred H. Bartlit, Jr.*
                                     BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
                                     1899 Wynkoop Street, 8th Floor
                                     Denver, CO  80202
                                     Telephone:    (303) 592-3100
                                     Facsimile:    (303) 592-3140
                                     fred.bartlit@bartlit-beck.com

                                     Mark L. Levine*
                                     BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
                                     54 W. Hubbard Street, Suite 300
                                     Chicago, IL  60654
                                     Telephone:    (312) 494-4400
                                     Facsimile:    (312) 494-4440
                                     mark.levine@bartlit-beck.com

                                     Marshall Beil
                                     MCGUIREWOODS LLP
                                     1345 Avenue of the Americas
                                     New York, NY  10105
                                     Telephone:    (212) 548-2100
                                     Facsimile:    (212) 548-2150
                                     mbeil@mcguirewoods.com

Charles Wm. McIntyre*
MCGUIREWOODS LLP
2001 K Street N.W., Suite 400
Washington, D.C.  20006
Telephone:     (202) 857-1700
Facsimile:      (202) 857-1737
cmcintyre@mcguirewoods.com

Brian E. Pumphrey*
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA  23219
Telephone:     (804) 775-7745
Facsimile:      (804) 775-1061
bpumphrey@mcguirewoods.com

*Admitted *pro hac vice*

*Counsel for Plaintiffs Tyco International Ltd. and Tyco International (US) Inc.*

8

## CERTIFICATE OF SERVICE

      I hereby certify that on the 28th day of September, 2012, I electronically filed the foregoing Tyco's Motion *In Limine* For An Advisory Jury Under Rule 39(c)(1) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

>Michael J. Grudberg
>STILLMAN & FRIEDMAN P.C.
>425 Park Avenue
>New York, NY  10022
>(212) 223-0200
>mgrudberg@stillmanfriedman.com
>
>*Counsel for Defendant Mark H. Swartz*

                                    /s/ Mark L. Levine
                                    By Counsel