IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

TYCO INTERNATIONAL LTD. and
TYCO INTERNATIONAL (US) INC.,

    Plaintiffs,

v.

MARK SWARTZ,

    Defendant.

Civil Action No. 03-cv-2247 (TPG)

**MEMORANDUM OF LAW IN SUPPORT OF TYCO'S
MOTION FOR INTEREST ON ITS CONVERSION CLAIM**

Count VIII of Tyco's Complaint is for conversion, based on the money that Mark Swartz was convicted of stealing from Tyco. Mr. Swartz repaid that money to Tyco several years later pursuant to a restitution order of the criminal court, but without interest. Tyco is entitled to interest during the time (varying from 5 to 7 years) when Tyco did not have use of the money. Tyco seeks that interest, which is $19,910,070.

**UNDISPUTED FACTS**

Of the twelve criminal counts of grand larceny in which Mr. Swartz was convicted in the criminal trial, the following are for money received by Mr. Swartz:

| **Criminal Count** | **Amount** | **Act** | **Date Money Received** |
|---|---|---|---|
| 2 | $12,500,000 | KEL loan balance reduction | Aug. 28, 1999 |
| 4 | $16,610,687 | TyCom IPO | Sept. 28, 2000 |
| 6 | $12,844,632 | ADT Automotive | Nov. 13, 2000 |
| 7 | $1,200,000 | One Central Park West | March 1, 2001 |
| 9 | $7,117,782 | FLAG transaction | Aug. 14, 2001 |

(Dkt. 60, Joint Stipulation of Undisputed Facts ¶¶ 6-10; Dkt. 59, Second Joint Stipulation of Undisputed Facts ¶59; PX1, verdict sheet; PX4, Criminal Sentencing Transcript, at 94:24-95:24; PX174D)[1]

Mr. Swartz repaid the $12.5 million in the KEL loan forgiveness that was the subject of criminal count 2 with interest in July 2002 after a conversation with David Boies. (Dkt. 60, Joint Stipulation of Undisputed Facts ¶12; Levine Decl. Ex. A, Trial Tr. 327:20-328:4 (Swartz), 191:5-193:6 (Boies))  Therefore, this amount was not the subject of the criminal court's restitution order or of this motion for interest on the conversion claim.

The criminal court ordered Mr. Swartz to repay the amounts that were subject of the remaining grand larceny counts for money taken by Mr. Swartz in a restitution order imposed during sentencing.  (PX4, Criminal Sentencing Transcript, at 94:24-95:24)  These amounts totaled $37,773,101.  (*Id.*; Dkt. 60, Joint Stipulation of Undisputed Facts ¶ 11)  On October 27, 2006, pursuant to the restitution order, Mr. Swartz repaid the $37,773,101 to Tyco.  (Dkt. 59, Second Joint Stipulation of Undisputed Facts ¶58; PX70)  However, it is undisputed that Mr. Swartz repaid only the amount ordered by the criminal court and did not pay interest on that money to Tyco.  (Dkt. 59, Second Joint Stipulation of Undisputed Facts ¶60; Levine Decl. Ex. A, Trial Tr. 357:5-13 (Swartz))

The amount of interest due under the New York statutory rate is undisputed.  The time periods between Mr. Swartz obtaining the money that was the subject of the restitution order at various times in 2000 and 2001 and repaying that money in 2006 is also undisputed and ranges

---

[1] The $12,844,632 court-ordered restitution paid by Swartz in connection with the ADT bonus (Count 6) updates the amount reflected in the indictment ($8 million) to reflect all three components of the bonus: $350,000 in cash; $4,189,288 for restricted shares, and $8,305,344 in relocation benefits.  Similarly, the $7,117,782 ordered by the court and repaid by Swartz in connection with the FLAG bonus (Count 9) reflects a gross-up amount for taxes that was not included in the $4 million referenced in the indictment.

between five and seven years.  (Dkt. 59, Second Joint Stipulation of Undisputed Facts ¶59; PX174D)  The amount of interest due at the New York statutory rate of 9% is $19,910,070. (Dkt. 60, Joint Stipulation of Undisputed Facts ¶57; PX174D)

## ARGUMENT

Count VIII of Tyco's claim is for conversion.  (Dkt. 1)  Conversion occurs where the plaintiff has "an immediate superior right of possession to the identifiable fund and the exercise by [a] defendant of unauthorized dominion over the money in question to the exclusion of plaintiff's rights." *Fitzpatrick House III, LLC v. Neighborhood Youth & Family Servs.*, 868 N.Y.S.2d 212, 213 (N.Y. App. Div. 2008) (citation omitted).  The Court granted partial summary judgment of liability for Tyco on the claim for conversion, ruling that the criminal convictions "for grand larceny also establish Swartz's liability for conversion."  (Dkt. 35, March 3, 2011 opinion at 9)

Under New York law "[t]he usual measure of damages for conversion is the value of the property at the time and place of conversion, plus interest." *Marketxt Holdings Corp. v. Engel & Reiman, P.C.*, 693 F. Supp. 2d 387, 395 (S.D.N.Y. 2010); *Fantis Foods, Inc. v. Standard Importing Co.*, 402 N.E.2d 122, 125 (N.Y. 1980) (same).  "Prejudgment interest is awarded as a matter of right under New York's prevailing policy ... that interest must be added in actions where persons are deprived of the use of money ... to make the plaintiff whole." *Newbro v. Freed*, 409 F. Supp. 2d 386, 401-02 (S.D.N.Y. 2006) (internal alterations and quotation marks omitted), *aff'd* No. 06-722-CV, 2007 WL 642941 (2d Cir. Feb. 27, 2007); *see also* NY CPLR § 5001(a) ("[i]nterest shall be recovered on a sum awarded … because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be

computed shall be in the court's discretion."); *Ross v. Bernhard*, 396 U.S. 531, 533 (1970) (Conversion is a "unmistakabl[e] actio[n] at law.").

The New York statutory rate of interest is nine percent per annum, calculated on a simple basis. NY CPLR § 5004; *Newbro*, 409 F. Supp. 2d at 402. The parties have stipulated that using the 9% statutory interest rate, the interest amounts to $19,910,070. (Dkt. 60, Joint Stipulation of Undisputed Facts ¶57; PX174D)

## **CONCLUSION**

For the foregoing reasons, Tyco requests that the Court order Mr. Swartz to pay $19,910,070 in interest on Tyco's claim for conversion.

October 23, 2012

Respectfully submitted,

TYCO INTERNATIONAL LTD. and
TYCO INTERNATIONAL (US) INC.

/s/ Mark L. Levine
Fred H. Bartlit, Jr.*
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
1899 Wynkoop Street, Suite 800
Denver, CO 80202
Telephone:    (303) 592-3100
Facsimile:     (303) 592-3140
fred.bartlit@bartlit-beck.com

Mark L. Levine*
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
Telephone:    (312) 494-4400
Facsimile:     (312) 494-4440
mark.levine@bartlit-beck.com

Marshall Beil
MCGUIREWOODS LLP
1345 Avenue of the Americas
New York, NY 10105-0106
Telephone:     (212) 548-2100
Facsimile:      (212) 548-2150
mbeil@mcguirewoods.com

Charles Wm. McIntyre*
MCGUIREWOODS LLP
2001 K. Street N.W., Suite 400
Washington, D.C.  20006-1040
Telephone:     (202) 857-1700
Facsimile:      (202) 857-1737
cmcintyre@mcguirewoods.com

*Admitted *pro hac vice*

*Counsel for Plaintiffs Tyco International Ltd. and Tyco International (US) Inc.*

5

## CERTIFICATE OF SERVICE

      I hereby certify that on the 23rd day of October, 2012, I electronically filed the foregoing Memorandum of Law in Support of Tyco's Motion for Interest on Its Conversion Claim with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

      Michael J. Grudberg
      STILLMAN & FRIEDMAN P.C.
      425 Park Avenue
      New York, NY  10022
      (212) 223-0200
      mgrudberg@stillmanfriedman.com

      *Counsel for Defendant Mark H. Swartz*


                              /s/ Mark L. Levine
                              By Counsel