UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 19, 2013

TYCO INTERNATIONAL LTD. and TYCO INTERNATIONAL (US) INC,

      Plaintiffs,

   v.

MARK SWARTZ,

      Defendant.

03 Civ. 2247

OPINION

   This is an action brought by Tyco against its former Chief Financial Officer Mark Swartz. Swartz and his then-co-defendant Dennis Kozlowski, the former Tyco CEO, were convicted in New York state court on numerous criminal charges in connection with a scheme by the two of them to enrich themselves by abusing various Tyco compensation programs. This civil action is to recover the portion of Tyco's damages stemming from that scheme that are attributable to Swartz. The court granted summary judgment in Tyco's favor on March 3, 2011 on the issue of Swartz's liability for breach of fiduciary duty, inducing breach of fiduciary duty, and conversion. The court held that these claims were *res judicata*, since Swartz's criminal convictions were conclusive and binding on this court in determining his civil liability. A trial was then held in October of 2012 to determine the appropriate damages for Tyco's breach of fiduciary duty claim.

   This motion relates only to the remaining question of Tyco's damages on the New York state law conversion claim. And, narrowing the issue even further, Swartz has already

repaid the sums actually converted in the form of restitution ordered issued by the criminal court. That court did not, however, order Swartz to pay interest on that sum. Tyco moves, therefore, for prejudgment interest on this amount.

The parties agree that Swartz paid $37,773,101 in restitution to Tyco. This reflects amounts Swartz owed Tyco under four criminal counts:

> On Count 4 he repaid $16,610,687 relating to the "TyCom IPO."
>
> On Count 6 he repaid $12,844,632 relating to "ADT Automotive."
>
> On Count 7 he repaid $1,200,000 relating to "One Central park West."
>
> On Count 9 he repaid $7,117,782 relating to a "FLAG transaction."

The parties also agree that, if New York's statutory pre-judgment interest rate, 9%, were to apply, the interest Swartz would owe totals $19,910,070.

What the parties do not agree on, however, is whether it is appropriate for this statutory rate to be applied equally to the amounts Swartz converted given the facts underlying each of these criminal counts. In essence, Swartz argues that some of these counts cover Swartz's abuse of programs that by their terms provided for Tyco to collect less than 9% interest. Thus, he argues, Tyco would receive an unfair windfall were the New York statutory interest rate to be applied equally to each of the amounts he converted. He also contends that, because Swartz's assets were frozen, he got no benefit from the converted money. Accordingly, it is unfair to require him to pay interest on it.

However, despite whatever intuitive appeal these arguments may have, the court cannot entertain them.

New York law provides that prejudgment interest "shall be recovered" on claims for conversion, NY CPLR § 5001(a), and that prejudgment interest "shall be at the rate of nine per centum per annum," NY CPLR §5004. The decisions of the Second Circuit, the decisions of the New York state courts, and the statutory laws of New York all make clear that, in a case such as this one, the court has no discretion whatever to apply any interest rate other than 9% even if an argument may be made that this award would amount to an unfair windfall for the plaintiff. See, e.g, Gussack Realty Co. v.Xerox Corp., 224 F.3d 85, 93 (2d Cir. 2000); Mallis v. Bankers Trust Co., 717 F.2d 683, 694-95 (2d Cir. 1983); United Bank Ltd. v. Cosmic Int'l, Inc., 542 F.2d 868, 878 (2d Cir. 1976); Davenport v. Martin, 4 A.D.3d 873, 874, 771 N.Y.S.2d 460 (2004); Dean v. John B. Pike & Son, Inc., 145 A.D.2d 942, 943, 536 N.Y.S.2d 314, 315 (1988).

Accordingly, Tyco is entitled to $19,910,070 in interest on its conversion claim.

So ordered.

Dated:   New York, New York
         March 19, 2013

_____
Thomas P. Griesa
United States District Judge